UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: Construction Consulting Corp.,<br>                              Debtor.<br>Roy Safanda,<br>Trustee in Bankruptcy,<br>                              Plaintiff,<br>v.<br>Old Second National Bank,<br>A national banking association,<br>                              Defendant. | Bankruptcy No. 04 B 47335<br>Adversary No. 05 A 02523<br>Chapter 7<br>Judge Manuel Barbosa |

## MEMORANDUM OPINION

This matter comes before the Court on the motion to deem admitted Chapter 7 trustee Roy Safanda's ("Trustee") third amended responses to defendant Old Second National Bank's ("Defendant") second set of requests to admit filed by Defendant, pursuant to Fed. R. Civ. P. 36(a)(6) and made applicable to these proceedings by Fed. R. Bankr. P. 7036, on October 6, 2008. For the reasons set forth herein, the Court denies Defendant's motion to deem admitted.

## JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide these matters pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. They are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A) and (H).

## FACTS AND BACKGROUND

On October 28, 2005, the Trustee filed an adversary complaint against Defendant alleging that several transactions or transfers from Debtor Construction Consulting Corporation's ("Debtor") account with Defendant were unauthorized because they were "transferred to third

persons without authorization by the Debtor." At issue are the Trustee's third amended responses to Defendant's second set of requests for admission regarding the determination of whether these transactions were unauthorized.

On April 9, 2008, Defendant served the Trustee with a second set of requests for admission regarding the allegedly unauthorized transactions. Trustee responded to these requests on April 29, 2008. On May 6, 2008, Defendant filed a motion to determine the sufficiency of Trustee's responses. After a May 8, 2008 status hearing, the Trustee amended his answers and served a second response to Defendant. At the August 28, 2008 hearing, the Court continued Defendant's motion until October 9, 2008 to determine the status of what would be the Trustee's third set of responses, and, accordingly, the Trustee filed a third amended response to Defendant's second set of requests to admit. Defendant's motion seeks to have each of its second set of requests deemed admitted.

Defendant argues that the Trustee's third amended responses are "evasive and vague and do not comply with the requirements of the Federal [Rule] of Civil Procedure" 36(a)(6). In response, Trustee asserts that Defendant's motion should be denied because he has amended his responses to Defendant's second set of requests to admit within the scope of Fed. R. Civ. P. 36.

### DISCUSSION

Rule 36(a) of the Federal Rules of Civil Procedure and Federal Rule of Bankruptcy Procedure 7036 provide that a party must answer each matter for which an admission is requested within thirty days or the matter is deemed admitted. In re Silverman, No. 98 A 02064, 1999 WL 326328, at *5 (Bankr. N.D. Ill. May 18, 1999) (citing Fed. R. Bankr. P. 7036; Fed. R. Civ. P. 36 (a) and (b)). Moreover, a party served with a request for admission cannot deny the requested facts for lack of knowledge unless it states how it has made a reasonable inquiry into

the matter. Brown v. Overhead Door Corp., No. 06 C 50107, 2008 WL 4614299, at *2 (N.D. Ill. Oct. 16, 2008) (citing Fed. R. Bankr. P. 7036); In re Randy, 189 B.R. 425, 434 (Bankr. N.D. Ill. 1995). The purpose of Rule 36 is to eliminate the necessity of proving uncontroverted facts, not to discover what the facts are. In re Sziel, 209 B.R. 712, 713 (Bankr. N.D. Ill. 1997) (citing 8A Wright, Miller, Marcus, Federal Practice and Procedure §§ 2252 ("Its function is to define and limit the matters in controversy between the parties."), 2253 ("Strictly speaking Rule 36 is not a discovery procedure at all.")).

Specifically, Fed. R. Civ. P. 36(a)(4) provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

See also Brown, supra, No. 06 C 50107, 2008 WL 4614299, at *2. Reasonability depends on the facts of the particular case, requires an investigation and inquiry of the applicable parties who may have relevant information, and an answering party may consult third parties to furnish the necessary and appropriate response. Ibid.

Defendant has filed a motion regarding the sufficiency of the Trustee's answer, pursuant to Fed. R. Civ. P. 36(a)(6), which provides, in relevant part:

> The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.

In response, Trustee asserts that he has complied with Fed. R. Civ. P. 36(a)(4), (6) and

amended his answer in accordance with Fed. R. Civ. P. 36(b), which provides that "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."

Bankruptcy Rule 7037 makes Federal Rule of Civil Procedure 37 applicable to the proceedings. In re Mapson, 93 B.R. 161, 167 (Bankr. C.D. Ill. 1988) (citing Fed. R. Bankr. P. 7037; Fed. R. Civ. P. 37). The bankruptcy court may impose sanctions pursuant to Rule 37(c) for failure to comply with discovery orders. Ibid.

Here, the Court finds that the Trustee's answers are not insufficient. In those instances where the Trustee has indicated that he cannot answer or truthfully admit or deny, the Court finds that he has given sufficient reason. If ultimately in the trial of this matter, further facts are disclosed that indicate that the Trustee has been less than truthful or has been evasive with the current situation, then the rules provide for appropriate sanctions pursuant to Fed. R. Civ. P. 37.

## CONCLUSION

For the foregoing reasons, the Court denies Defendant's motion to deem admitted Trustee's third amended responses to Defendant's second set of requests to admit.

THEREFORE, IT IS ORDERED that the foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE: November 21, 2008

Manuel Barbosa
United States Bankruptcy Judge

## CERTIFICATE OF MAILING

The undersigned hereby certifies that the attached Memorandum Opinion has been served via First Class Mail on November 21, 2008 to the following:

Attorney Roy Safanda
Attorney Carl Safanda
Safanda Law Firm
111 East Side Drive
Geneva, IL 60134

Attorney Laura L. Milnichuk
Litchfield Cavo LLP
303 W. Madison St., Ste. 300
Chicago, IL 60606

Attorney Richard Larsen
Myler, Ruddy & McTavish
111 West Downer Place, Suite 400
Aurora, IL 60506

_____
Mimi Kuczynski, Judicial Secretary