UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: Construction Consulting Corp. Debtor(s). | Bankruptcy No. 04 B 47335 Adversary No. 05 A 02523 Chapter 7 Judge Manuel Barbosa |
|---|---|
| Roy Safanda, Chapter 7 trustee, Plaintiff, v. Old Second National Bank, Defendant. | |

## MEMORANDUM OPINION

This matter comes before the Court on the motion to alter or amend judgment filed by the defendant Old Second National Bank (the "Bank"), pursuant to Fed. R. Civ. P. 59(e) made applicable through Fed. R. Bankr. P. 9023, on May 11, 2009. For the reasons set forth herein, the Court denies the Bank's motion to amend judgment.

## JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide these matters pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. They are core proceedings pursuant to 28 U.S.C. §§ 157(b)(2)(E).

## FACTS AND BACKGROUND

The factual and procedural history was outlined in the Court's memorandum opinion dated April 30, 2009. The Court's opinion denied the Bank's summary judgment motion against the amended complaint filed on February 10, 2009 by plaintiff Roy Safanda, as Chapter 7 trustee ("Trustee"), which alleged two counts: (1) breach of contract; and (2) accounting.[1]

---

[1] A docket entry dated February 6, 2008 indicates that the nature of the suit changed to a fraudulent transfer, pursuant to 11 U.S.C. § 548. Despite this docket entry, the Court notes that, as of April 30, 2009, Trustee's amended

The Bank filed a motion to alter or amend judgment, pursuant to Fed. R. Civ. P. 59(e) made applicable through Fed. R. Bankr. P. 9023, on May 11, 2009. The Bank first argues that the Trustee has never pled fraudulent transfer or "bad faith." Next, the Bank reasserts that the terms of the account agreement apply to bar the Trustee's claims. Finally, the Bank states that the timing and nature of the unauthorized transactions is unclear.

On May 20, 2009, Trustee filed a reply to the Bank's motion to alter judgment and argued that the Court's April 30, 2009 opinion correctly denied the Bank's summary judgment motion. Trustee asserts that the Court's opinion correctly found that there remains for trial the material, factual questions concerning the Bank's handling of transfers in the CCC account. Trustee also argues that the Court's opinion correctly found that the terms of the Bank's account agreement do not bar Trustee's adversary complaint.

## DISCUSSION

Technically, a "motion for reconsideration" does not exist under either the Federal Rules of Bankruptcy Procedure or the Federal Rules of Civil Procedure. The Seventh Circuit, however, has indicated that Rule 59(e) governs such a motion, which should properly be termed a "Motion to Alter or Amend Judgment." Talano v. Nw. Med. Faculty Found., 273 F.3d 757, 760 n.1 (7th Cir. 2001). Pursuant to Federal Rules of Bankruptcy Procedure 9023, Federal Rules of Civil Procedure 59(e) applies in cases under the Bankruptcy Code. Fed. R. Bankr. P. 9023.

> Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid the unnecessary appellate procedures. The rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.

---

complaint, dated February 10, 2009, is the most current complaint on file.

[Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996) (citations omitted).]

In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Rule 56(c) reads in part:

> [T]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

[Fed. R. Civ. P. 56(c).]

The primary purpose for granting a summary judgment motion is to avoid unnecessary trials when there is no genuine issue of material fact in dispute. Trautvetter v. Quick, 916 F.2d 1140, 1147 (7th Cir. 1990); Farries v. Stanadyne/Chicago Div., 832 F.2d 374, 378 (7th Cir. 1987) (quoting Wainwright Bank & Trust Co. v. Railroadmen's Federal Sav. & Loan Ass'n of Indianapolis, 806 F.2d 146, 149 (7th Cir. 1986)).

In 1986, the United States Supreme court decided a trilogy of cases which encourage the use of summary judgment as a means to dispose of factually unsupported claims. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986); Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The burden is on the moving party to show that no genuine issue of material fact is in dispute. Anderson, supra, 477 U.S. at 248; Matsushita, 475 U.S. at 585-86; Celotex, 477 U.S. at 322.

All reasonable inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. Anderson, supra, 477 U.S. at 255; Matsushita, supra, 475 U.S. at 586; Peerman v. Georgia-Pacific Corp., 35 F.3d 284, 286 (7th Cir. 1994);

Cuddington v. Northern Ind. Public Serv. Co., 33 F.3d 813, 815 (7th Cir. 1994). The existence of a material factual dispute is sufficient only if the disputed fact is determinative of the outcome under applicable law. Anderson, supra, 477 U.S. at 248; Frey v. Fraser Yachts, 29 F.3d 1153, 1156 (7th Cir. 1994). "Summary judgment is not an appropriate occasion for weighing the evidence; rather the inquiry is limited to determining if there is a genuine issue for trial." Lohorn v. Michal, 913 F.2d 327, 331 (7th Cir. 1990). However, "[i]f evidence opposing summary judgment is merely colorable or is not significantly probative, summary judgment may be granted." Anderson, supra, 477 U.S. at 249-50 (citations omitted); see also Griffin v. Air Line Pilots Ass'n. Int'l., 32 F.3d 1079, 1084 (7th Cir. 1994). When the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial and summary judgment must be granted. Matsushita, supra, 475 U.S. at 587.

Local Rule 7056-1 of the Bankruptcy Rules adopted for the Northern District of Illinois requires the party moving for summary judgment to file a detailed statement of material facts that the movant believes are uncontested. Local Bankr. R. 7056-1. Under Local Bankr. R. 7056-1(B), the statement of facts "shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion."

The party opposing a summary judgment motion is required by Local Rule 7056-2 to respond to the movant's Local Rule 7056-1 statement paragraph by paragraph and to set forth any material facts that would require denial of summary judgment, specifically referring to the record for support of each denial of fact. Local Bankr. R. 7056-2. The opposing party is required to respond "to each numbered paragraph in the moving party's statement" and make

"specific references to the affidavits, parts of the record, and other supporting materials relied upon." Local Bankr. R. 7056-2(A)(2)(a).

The Court finds that there is no manifest error of law or fact in its memorandum opinion dated April 30, 2009 and the Bank does not contend that there is any newly discovered evidence. The Bank asserts that Trustee has never pled fraudulent transfer or "bad faith," and, instead only pled two claims for breach of contract and accounting. As stated in the April 30, 2009 opinion, under the UCC, every contract or duty contains an obligation of "good faith" in its performance or enforcement, and, therefore, the Bank is required to pay the items in "good faith." Falk v. N. Trust Co., 763 N.E.2d 380, 386 (Ill. App. Ct. 2001) (citing 810 ILCS 5/1-203 (West 1992)). In addition, UCC section 4-406(f) requires that a bank act in "good faith" when paying the items on the statement to claim the protection of the prerequisite of notice requirement contained in § 4-406(f). Id. at 387 (citing 810 ILCS 5/4-406(f)). Thus, the limitations period of UCC 4-406(f) is not available for claims based on the actual knowledge or bad faith of the bank. Id. at 386-87. Moreover, UCC section 4-103(a) states that a bank cannot disclaim responsibility for its lack of good faith or failure to exercise ordinary care. 810 ILCS 5/4-103(a); see also In re Rovell, 232 B.R. 381, 393 (N.D. Ill. 1998) (citing Scott Stainless Steel, Inc. v. NBD Chicago Bank, 625 N.E.2d 293 (Ill. App. Ct. 1993)). Consequently, whether the Bank's handling of transfers of the CCC account to Biris's account amounted to "bad faith" is a material question of fact. Appley v. West, 832 F.2d 1021, 1031 (7th Cir. 1987).

It is undisputed that John E. Biris, JBRES, Inc. or GMW Supply, Inc. (collectively "Biris") were not signatories on the debtor Construction Consulting Corporation's ("CCC" or "Debtor") account which would have authorized the Bank to disburse amounts held in the CCC accounts to Biris. Thus, in light of the factual findings in the April 30, 2009 opinion, including

Ottenstein's August 28, 2007 deposition testimony where he testified that he told Lydia Garcia "to do what you need to do" regarding Biris' request for transfers from the CCC account, whether Robert Ottenstein, as a signatory on the CCC account, directed Lydia Garcia, the Bank's employee, to transfer funds at the request of Biris remains a material question of fact.

The Bank next argues that the terms of the account agreement apply to bar Trustee's claims. The Bank essentially reasserts its arguments from its summary judgment motion. This is not the purpose of a Rule 59(e) motion. In re BNT Terminals, Inc., 125 B.R. 963, 977 (N.D. Ill. 1990). As stated previously, whether the Bank's handling of transfers of the CCC account to Biris's account amounted to "bad faith" is a material question of fact. Appley v. West, 832 F.2d 1021, 1031 (7th Cir. 1987). Thus, "[s]ummary judgment is not an appropriate occasion for weighing the evidence; rather the inquiry is limited to determining if there is a genuine issue for trial." Lohorn v. Michal, 913 F.2d 327, 331 (7th Cir. 1990).

The Bank also asserts that the timing and nature of the unauthorized transactions is unclear. There were three transactions whereby the Bank transferred funds from the CCC account to Biris. In the first transaction, on March 8, 2004, the Bank executed a transfer from the CCC account to Biris' account based on the Biris' faxed request. This transfer reduced Biris' indebtedness to the Bank. On July 16, 2004, First American Title issued a check to Debtor for $139,830.84 which Debtor deposited into the CCC account on the same date. In the next two transactions on July 19, 2004, the Bank transferred $4000 to Marywood Apartment homes and $135,000 to Biris from the CCC account. Whether the Bank breached the contract through its handling of the CCC account with these three transactions or Ottenstein directed the Bank to transfer these funds at the request of Biris still remains a material question of fact.

The Court finds that there is no manifest error of law or fact in its memorandum opinion

dated April 30, 2009. The Bank's motion to alter or amend judgment is denied.

## CONCLUSION

For the foregoing reasons, the Court denies the Bank's motion to amend judgment.

THEREFORE, IT IS ORDERED that

the foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE: June 4, 2009

The Honorable Manuel Barbosa
United States Bankruptcy Judge